*609 OPINION.
Phillips:
Section 230 of the Revenue Act of 1918 provides:
That * * * there shall he levied, collected, and paid for each taxable year’upon the net income of every corporation a tax at the following rates: (1) For the calendar year 1918, 12 per centum of-the amount of the net income in excess of the credits provided in section 236; and (2) For each calendar year thereafter, 10 per centum of such excess amount.
Section 236 provides:
That for the purpose only of the tax imposed by section 230 there shall be allowed the following credits: * * * The amount of any taxes imposed by Title III for the same taxable year.
The provisions of the Revenue Act of 1921 are similar to those of the 1918 Act. It is the contention of the petitioner that taxes of $58,824.73 were imposed upon it for 1920 by Title III of the Revenue Act of 1918 and that, in computing net income subject to income tax, it is entitled to a credit of that amount. The respondent has denied such credit upon the ground that no tax was imposed upon petitioner under Title III, since the petitioner took advantage of the provisions of section 23 of the Merchant Marine Act, which is set forth in the stipulation of the parties and incorporated in the findings of fact.
It is conceded that the petitioner complied with the provisions of that Act. The wording of the stipulation, however, indicates a misapprehension of the effect of the Merchant Marine Act. That Act does not provide that the amount set aside shall be a deduction or credit against the profits tax otherwise due, as the stipulation would appear to indicate was the belief of those who drafted it; it provides that if the terms of the statute are met the owner of the vessel “ shall * * * be allowed as a deduction for the purpose of ascertaining his net income subject to the war profits and excess profits taxes imposed by Title III * * * an amount equivalent to the earnings of such vessel during such taxable year.” The effect is not to exempt the owner of the vessel from profits tax, or to provide a credit to be applied in reduction of the tax otherwise due. The statute provides for a deduction in computing the income subject to tax, to be granted upon compliance with the terms of the statute. The petitioner complied with the statute, became entitled to claim this deduction from *610 its income, it was allowed, and the taxable income was thereby reduced to the point where no profits taxes became due.
' The claim of the petitioner and the argument in the brief filed by his counsel rest upon the theory that the Revenue Act of 1918 imposes a profits tax and that the Merchant Marino Act allows a deduction against such tax of an amount equivalent to such tax; that under the Revenue Act the tax liability continues but that under the Merchant Marine Act the remedy for enforcing payment is voluntarily surrendered. We can see nothing to justify any such theory. The two Acts must be read together. Having complied with the conditions of the Merchant Marine Act, which was effective before-any tax for 1920 became due under the Revenue Act, petitioner became entitled to a certain additional deduction in confuting its net income subject to tax under Title III. The Revenue Act imposed a tax only upon net income, and the net income of petitioner could not have been properly computed without taking the deduction which the Merchant Marine Act provided should be allowed under the Revenue Act. The tax imposed was to be computed upon this net income, not upon what the income would have been had the Revenue Act stood alone, or had the petitioner not taken the necessary steps to entitle it to this additional deduction. The result in this case is that there was not sufficient net income subject to profits,tax to result in the imposition of any tax and consequently in computing net income subject to income tax ¿here was no credit to be claimed on the ground that a profits tax was imposed on petitioner by the Revenue Act. The decision of the respondent upon this point is sustained.
The parties entered into a stipulation with respect to depreciation which will require a recomputation of the deficiency.
Reviewed by the Board.

Decision will be entered under Rule 60.